A. SIDNEY D'WOLF and others *v.* JOHN R. GARDINER.

John D'W., by the third clause of his will, provided as follows: " I give, be-queath and devise unto my son John D'W., Jr., during his natural life, the use and improvement of the farm where I now live, with the live stock and farming utensils belonging thereto, and after his decease I give, devise and bequeath the same estate, both real and personal, to my grandson, Algernon S. D'W., his heirs, executors, administrators and assigns, forever. Provided, however, that if the said A. S. D'W. should die without lawful issue living at the time of his death, then, in that case, I give, bequeath and devise the same estate, both real and personal, unto his surviving sisters, Susan A. D.'W.,Elizabeth V. D'W. and Maria G. D'W., or such of these as may survive the said A· S. D'W., their heirs, and assigns forever." *Held,* John D'W. being dead, Amelia D'W. having died, leaving children, Algernon, Elizabeth and Ma-ria living, and Elizabeth being married ;—*First,* that the estate given to Alger-non S. D'W. was a fee simple, subject to the conditions expressed in the will ;—*Secondly,* that the gift over referred to issue living at his death, and was not void as referring to an indefinite failure of issue, but was good as an executory devise; and *Thirdly,* that the sisters of Algernon, who survived him, would take the estate in fee, (if he died without leaving issue living,) but that the issue of his sister Amelia, the sister who died before him, took no interest in the estate, and, that if no sister of Algernon should survive him, the fee once vested in him would not be divested.

A mere naked possibility or expectancy cannot be assigned at law, but a con-tingent right founded on an executed instrument, where the contingency does not depend on the existence at a particular time of a person now in existence, can be released to the *terre tenant,* or person in possession by a rightful title, (although, *quære,* whether it can be so released to strangers). Hence, *it was held, Fourthly,* that the sisters of Algernon D'W. might pass their interest in said estate to him, by any instrument operating by way of estoppel or release, the power being given to his married sister to release her interest jointly with her husband, by chapter 726, of the Statutes, even if it did not exist under the provisions of § 6 of chapter 136 of the Revised Statutes.

THIS was an amicable bill in equity, brought to enforce a written contract, made between the respondent and the com-plainant, A. S. D'Wolf, for the sale of certain land, situate in Bristol, from the latter to the former. The bill alleged, that the complainant, A. S. D'Wolf, derived his title to the land under

the third clause of the will of John D'Wolf. [This clause is set out in full in the head notes to this case.] It was further alleged, that John D'Wolf, Jr., died before the execution of the contract of sale; that A. S. D'Wolf, M. G. D'Wolf, and E. V. D'Wolf, are still living,—the latter being the wife of R. S. Andrews,—and that A. S. D'Wolf married, and has died, leaving issue. M. G. D'Wolf and R. S. Andrews joined in the bill as complainants, and offered to aid the title, either by joining in the conveyance to Gardiner, or by releasing to A. S. D'Wolf.

To this bill the respondent demurred, and the cause was submitted to the court upon briefs; the only question argued being, whether the complainants could make a good title to the land.

*Carpenter, for the respondent :—*

1. It is very plain, and probably will not be questioned, that the complainant, A. Sidney D'Wolf, alone, cannot make title; for the estate in him, though a fee, is liable to be divested by a valid executory devise over, which no act of his can defeat. 2 Wash. on Real Prop. 356, § 23.

II. This executory devise is upon a double contingency, viz., the death of the plaintiff, A. Sidney D'Wolf, without issue living at his decease, and then, (on the theory of the complainants,) to *such only* of the sisters as survive him. Now, if an executory devise can ever be barred by grant or release, of which quære, 2 Wm. Saund. 388 ; 2 Wash. on Real Prop. 357 ; *Hall* v. *Chafee,* 14 N. H. 215 ; *Hall* v. *White,* 38 N. H. 422 ; *Johnson* v. *Wilson,* 38 N. H. 48, it can only be, where the executory devisee is an *ascertained person* in *esse,* thus creating what is called a possibility coupled with an interest. 4 Kent's Com. 261–2 ; 2 Wash. on Real Prop. 368 ; 6 Greenleaf's Cruise, 33 and note. And here, during the lifetime of the brother, it is entirely contingent which of the sisters, if either, may survive. Until this contingency happens, therefore, they can no more bar this devise by grant or release, than they could by will. *Doe* v. *Tomlinson,* 2 Maul. & Sel. 165. Particularly, as it is submitted, as the true construction of this clause, that if all the sisters die in the lifetime of the brother, and he then dies without issue, that estate will pass by force of the will, i. e., by purchase; first,

either to the heirs of the last survivor of the sisters, or, secondly, *per stirpes* equally, to the heirs of all the sisters; in which case the children of the sister already deceased (who are not parties to this bill, and cannot possibly be barred,) will take; or, thirdly, the estate will descend as *intestate* estate, to the heirs general of the testator; and it matters not in this case which, for in this event neither of the parties *so taking* can be barred by any present deed. The second of the three interpretations above referred to is deemed the most probable. *Harrison* v. *Forman*, 5 Vesey, 207. If the proposed title is to rest upon estoppel, the respondent submits, whether, Mrs. Andrews being a married woman, she or her heirs can be estopped by her covenants. That she cannot, see *Jackson* v. *Vanderheyden*, 17 John. 167. That she can, see *Nash* v. *Spoffard and wife*, 10 Met. 192, and cases cited.

*James Tillinghast, for complainants :—*

1. The complainants' estate, under the will of their grandfather, John D'Wolf, annexed to their bill, (clause third,) on the facts stated in the bill, their father, John D'Wolf, Jr., having deceased, is a *vested* estate in fee simple in A. Sidney D'Wolf, with a valid executory devise over in case of his decease without issue living at his decease, (thus a definite failure of issue,) to the other complainants, his joint surviving sisters, or such one, if either, as survives him, in fee. 2. This devise over is a *vested possibility* or right, or, as elsewhere called, a possibility coupled with an interest to ascertained persons in *esse*, and as such, may be granted, and, it would seem the better opinion, by simple grant. *Jeffers* v. *Lampson*, 10 Ohio, (Critch.) 101; 2 Wm. Saund, 388 h. and cases cited; or at least by grant with covenants operating by way of estoppel. 6 Greenleaf's Cruise, (margin) 425–51. At all events, if there is any doubt that such an interest can be granted, it may be released by the executory devisee to the first taker in possession, at least with, if not without, covenants to operate by way of estoppel, and thus make a perfect title. 2 Wash. on Real Property, 357, 367, 368; Ibid 341; *Jones* v. *Roe*, 3 Tenn. 88; *Wright* v. *Wright*, 1 Ves. Sen. 409; 4 Kent's Com. 261–284. It is no answer to this that *all* the *sisters* may die during the life of the brother, for in that case,

as the gift over fails, the brother's estate becomes absolute. The general rule of law is, that an absolute interest is not to be taken away by a gift over, unless that gift over may itself take effect. Per Wigram, V. C.; *Green* v. *Harvey*, 1 Harr. 428, (431.) For it is evident here that the testator did not intend to divest his grandson's estate, except (if he died without issue living at his decease) in favor of such of his sisters as might survive him; the limitation to the heirs, &c., of the *sisters*, is only to carry the fee if the estate comes to either of them, e. g. in no contingency can the children of the sister who has deceased ever become entitled under the gift over. *Jackson* v. *Noble*, 2 Keen, 590; *Harrison* v. *Parman*, 5 Vesey, 207. To hold that these words, " *heirs and assigns* " in this devise to the sisters, are to be construed otherwise than as words of limitation merely, only strengthens the argument that the sisters can make a valid grant or assignment of this interest. The force of the word " *assigns* " is not, then, to be overlooked or ignored. See *Ives* v. *Harris*, 7 R. I. 424–5.

POTTER, J. The questions in this case arise upon the construction of the will of John D'Wolf. On examination of the will and authorities, we conclude—

1. That the estate given to Algernon is a fee simple, subject to the condition expressed.

2. That the gift over plainly refers to issue living at his death, and therefore is not void, as referring to an indefinite failure of issue, but is good as an executory devise.

3. That the possibility devised to the sisters is upon a double contingency,—first, upon Algernon leaving no issue living at his death, and second, upon his sisters surviving him.

No provision is made for the issue of any sister who may have died before him; but the sisters, and those only, who survive him, are to take in fee; and if no sister survives him, then the gift, over, fails entirely.

It is a settled rule that an estate once vested will not be divested, unless all the events take place which are necessary to give effect to the substituted devise. If, therefore, no sister should survive Algernon, the fee once vested in him would not

be divested.   See cases referred to in 1 Jarman on Wills, side'
page 750 ; Ibid 783.

The next question is whether, as the sisters now living are
the only ones who have a possibility of succession, and as this
possibility does not extend to any issue they may leave, pro-
vided the sisters themselves do not survive him, their interest
may pass by any instrument operating by way of estoppel or
release.

A mere naked possibility or expectancy (as for instance, the
expectancy of an heir, per Lord Kenyon in 3 Durn. & East.
93, 96,) cannot be assigned at law.   But a contingent right,
founded upon an instrument already executed, and where the
contingency does not depend upon a person not now in exist-
ence, being in existence at a particular time, can, at any rate,
be released to the *terre tenant*, or person who is in possession by
a rightful title.   While anciently a conveyance of possibilities to
strangers was discouraged as tending to litigation, a release of
such interests to the *terre tenant* has been encouraged, for the
prevention of litigation and security of titles.   3 Durn. & East.
88 ; *Miller* v. *Emory*, 19 N. Y. 384 ; *Winslow* v. *Goodwin*, 7
Met. 363, 379 ; Smith on Exec. Interests, § 751.

The cases of *Pelletrean* v. *Jackson*, 11 Wend. 110, and *Jack-
son* v. *Waldron*, 13 Wend. 178, were cases where the executory
interest was assigned to a stranger, but the authority for these
cases has been questioned.   See *Jeffers* v. *Lampson*, 10 Ohio, 101.

Here the contingent estate is limited to the chances of survi-
vorship of two persons now living.   If either' or both survive,
they may take.   If neither survives, the estate already vested
is not divested.

The cases of *Jeffers* v. *Lampson*, 10 Ohio, 101, and *Miller* v.
*Emans*, 19 New York Court of Appeals, 384, are in point.
These were cases of releases of the chance of survivorship to
one already having an interest.   The subject of release of con-
tingencies is freely discussed, and the language of the decisions
goes far to overrule the decisions in 11 and 13 Wendell *supra*.

The question, whether the married sister, with her husband,
can release, is also made.   If any doubt existed under § 6 of

chapter 136 of the Revised Statutes, growing out of the use of the word *seized*, they are now, by chapter 726, passed January session, A. D. 1868, authorized to convey, not only any of the wife's estate, of which they are seized in her right, but any real estate of hers, or any interest therein.

*Decree entered for specific performance of contract.*